UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD KIRBY SONNIER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITGO PETROLEUM CORPORATION, ) <br> ) <br> Defendant. ) <br> ———————————————— ) <br> ) <br> CITGO PETROLEUM CORPORATION, ) <br> ) <br> Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TURNAROUND WELDING ) <br> SERVICES, LLC, and REPCON, INC., ) <br> ) <br> Third-Party Defendants. ) | Case No. 13-cv-04323 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff Howard Sonnier filed a complaint against CITGO Petroleum Corporation ("CITGO"), alleging negligence. CITGO filed a three-count Third-Party Complaint ("TPC") against Sonnier's employer, Turnaround Welding Services, LLC ("TWS"), and Repcon, Inc. ("Repcon"), alleging: (I) Contribution, (II) Indemnification, and (III) Breach of Contract. Repcon has moved to dismiss Count II of the TPC, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief can be granted. For the reasons set forth below, Repcon's Motion to Dismiss is denied.

# BACKGROUND

On May 16, 2013, Sonnier filed a complaint against CITGO alleging negligence causing personal injuries he sustained while working at CITGO's Lemont, Illinois refinery. (TPC ¶¶ 1-2.) At the time he was injured, Sonnier was employed by TWS, a subcontractor of Repcon. (*Id.* ¶ 9.) Repcon was CITGO's general contractor for the work done at the Lemont, Illinois refinery, pursuant to the Service Contract ("Contract"). (*Id.*)

> Pursuant to the Contract, Repcon agreed to:
>
> A) Initiate, maintain, and supervise all safety precautions and programs related to the Work site and to ensure the Work site is free of recognized hazards;
>
> B) Ensure that Repcon personnel are fully informed regarding CITGO work and safety rules and regulations;
>
> C) Be responsible for the acts and omissions of its subcontractors and all persons employed by subcontractors;
>
> D) Maintain supervision of subcontractors;
>
> E) Take reasonable precautions to prevent bodily injury or property damage;
>
> F) Ensure that all Repcon and subcontractor personnel comply with CITGO safety regulations.

(*Id.* ¶¶ 18-23.) CITGO alleges that Repcon breached these provisions of the Contract. (*Id.* ¶ 26.) The Contract also contained the following provisions:

> To the fullest extent permitted by law, [Repcon] agrees to indemnify fully, hold harmless and defend, at [Repcon]'s sole expense, [CITGO], … from and against any and all Liabilities and Damages claimed by [CITGO], [Repcon], [Repcon]'s subcontractors or third-parties, including employees of [Repcon], [CITGO] and their subcontractors, arising in connection with the Work under this contract, without regard to the cause or causes thereof, … arising directly or indirectly out of or in any way connected with the performance of this contract or the work or operations covered or contemplated by this contract.
>
> 1.1.1 If this contract is for the construction, alteration, repair or maintenance of a building, structure, highway, viaduct or other work dealing with construction, or

> for any moving, demolition or excavation connected therewith, [Repcon] shall not be required and shall not be permitted to indemnify or hold harmless [CITGO] for [CITGO]'s own negligence. However, in such instances, [Repcon] shall be required to indemnify fully, hold harmless and defend [Repcon] for the negligence, strict liability, absolute liability, vicarious liability, or otherwise wrongful acts or omissions of all others.

(*Id.* ¶ 27; Contract Ex. B-1 § 1.1.)

On June 5, 2013, CITGO advised Repcon of its duties under the Contract to defend and indemnify CITGO. (TPC ¶ 29.) Repcon did not respond to the letter. (*Id.*)

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

Repcon alleges that Count II of the TPC must be dismissed because it is barred by the Illinois Construction Contract Indemnification for Negligence Act ("Anti-Indemnification Act"), which provides that a construction contract is unenforceable if it seeks to indemnify a company from its own negligence. Alternatively, Repcon argues that the plain language of the Contract between CITGO and Repcon bars Count II.

*The Anti-Indemnification Act Prohibits the Relief Requested in Count II*

The Anti-Indemnification Act holds that, for all construction contracts, "every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable." 740 ILCS 35/1. The policy behind this clause is to motivate contractors to take all necessary precautions for the safety of construction workers and the general public. *See Davis v. Commonwealth Edison Co.*, 336 N.E.2d 881, 884.

The parties do not dispute the language or purpose of the Anti-Indemnification Act. Repcon contends that Count II of the Third-Party Complaint seeks indemnification for CITGO's own negligence and that relief is therefore barred. CITGO asserts that Count II seeks indemnification only for the negligence of persons other than CITGO, for which Repcon assumed responsibility under the Contract.

"Indemnity contracts will not be construed as relieving one of liability for his own negligence unless such an intention is expressed in unequivocal terms." *Dowling v. Otis Elevator Co.*, 549 N.E.2d 866, 870 (Ill. App. Ct. 1989) (citing *Fourfouris v. Standard Oil Realty Corp.*, 426 N.E.2d 915, 916 (Ill. App. Ct. 1981). Far from containing unequivocal language that requires Repcon to indemnify CITGO for CITGO's own negligence,

4

the Contract includes a clause that expressly prohibits Repcon from indemnifying Citgo for Citgo's own negligence.

That clause is found in Section 1.1.1 and is consistent with the public policy objectives of the Anti-Indemnification Act. Its inclusion demonstrates that CITGO "did not construe [the Contract] as relieving it of liability for its own acts or omissions." *Liccardi v. Stolt Terminals, Inc.*, 687 N.E.2d 968, 973 (Ill. 1997). Therefore, the indemnification provision "did not extinguish CITGO's incentive to exercise due care, and the primary purpose behind the Construction Contract Indemnification for Negligence Act [is] not implicated." *Id.*

Repcon further contends that the language in Count II precludes the conclusion that CITGO is only seeking indemnification for Repcon's liability. (Reply at 2.) This argument, however, overlooks the possibility of alternative theories of liability, including vicarious liability, as CITGO points out. (Resp. at 4.) "[W]here an indemnitee has merely accommodated the indemnitor and the indemnitee does not assume responsibility for any construction activities, the operation of the statute is not triggered." *Lovellette v. S. Rwy. Co.*, 898 F.2d 1286, 1290 (7th Cir. 1990). CITGO sufficiently states a claim for indemnification if it is found liable for Repcon's conduct by operation of law.

Because the language of the indemnification provision in the Contract between CITGO and Repcon explicitly prohibits indemnification for CITGO's own negligence, and because the negligence of the respective parties in the present case remains to be determined, Count II of CITGO's TPC is not barred by the Anti-Indemnification Act.

*The Plain Language of the Contract Bars Count II*

Under Illinois law, when the language in a contract is plain, the contract should be enforced as it is written. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 966 (7th Cir.

5

2013) (citing *Gore v. Alltel Commc'ns, LLC,* 666 F.3d 1027, 1033 (7th Cir.2012)). When allegations in a complaint are inconsistent with the language of a written contract, the contract is controlling. *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999) (quotations and citations omitted).

Similarly to the Anti-Indemnification Act argument set out above, Repcon argues that the plain language of the Contract bars CITGO from claiming indemnification for CITGO's own negligence. This argument fails because the plain language of the contract is undisputed. CITGO concedes that it has no right to indemnity for its own negligence, but may yet have a claim to indemnity for Repcon's negligence.

The language in the Contract at issue here is "sole negligence." Because the attribution of the parties' negligence remains to be determined, and Citgo has alleged facts that, taken as true, may entitle Citgo to relief, the plain language of the Contract between Repcon and Citgo does not bar Count II.

## CONCLUSION

For the foregoing reasons, Repcon's Motion to Dismiss Count II of CITGO's Third-Party Complaint is denied.

Date:    June 26, 2014

JOHN W. DARRAH
United States District Court Judge