UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD KIRBY SONNIER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITGO PETROLEUM CORPORATION, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |
| | ) |
| CITGO PETROLEUM CORPORATION, | ) Case No. 13-cv-4323 |
| | ) |
| Third-Party Plaintiff, | ) Judge John W. Darrah |
| | ) |
| v. | ) |
| | ) |
| TURNAROUND WELDING | ) |
| SERVICES, LLC; REPCON, INC.; | ) |
| GREAT SOUTHERN | ) |
| TECHNOLOGIES, LLC.; and | ) |
| ATS SPECIALIZED, INC. | ) |
| | ) |
| Third-Party Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Howard Kirby Sonnier filed a Complaint against Citgo Petroleum Corporation ("Citgo"), alleging negligence. Citgo filed a single-count Third-Party Complaint against Great Southern Technologies, LLC ("GST") and an identical Third-Party Complaint against ATS Specialized, Inc. ("ATS") (collectively, the "Third-Party Defendants"). Both Third-Party Complaints allege a right of contribution against the Third-Party Defendants under the Illinois Joint Tortfeasor Contribution Act, 740 Ill. Comp. Stat. 100/1 et. seq., arising from the Third-Party Defendants' alleged failure to ensure safe conditions at the worksite where Plaintiff's

1

alleged injuries occurred. GST moved to dismiss Citgo's Third-Party Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). ATS was granted leave to join GST's motion.

## BACKGROUND

The following is taken from the Third-Party Complaints, which are assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010). Citgo was served with a Complaint filed by Plaintiff Sonnier. Plaintiff alleges that on or about May 10, 2012, he sustained personal injuries while working at Citgo's Lemont, Illinois, refinery. (Dkt. 60 at ¶ 2.) That Complaint further asserts that Plaintiff requested a rolling stair ladder from a Citgo employee, but a ladder was never provided. (Dkt. 1-1, ¶¶ 7-10).

Citgo entered into a purchase order with GST for tubes that were being brought to the worksite. (*Id*. at ¶ 13.) As part of this delivery, Citgo rented trailers from GST. (*Id*.) Citgo filed a Third-Party Complaint and asserts that Third-Party Defendant GST had a duty to exercise care and caution for the safety of individuals working at the site, including Plaintiff. (*Id*. at ¶ 15.) Citgo claims GST breached this duty by several acts or omissions, including the claim that GST failed to provide Plaintiff and others with equipment so they could reach the top of the flatbed trailer, "including stairs, ladders, or other apparatus." (*Id*. at ¶ 16.) Citgo makes identical claims against ATS in a Third-Party Complaint, who entered into an agreement with GST to transport and deliver the equipment used for the work. (Dkt. 65 at ¶¶ 15-18.) Citgo argues that, should it be found liable to Plaintiff, it has a right of contribution against the Third-Party Defendants pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILL. COMP. STAT. 100/1 *et. seq.* (the "IJTCA").

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Third-Party Defendants raise two issues in their Motion to Dismiss. The first is whether Citgo has stated a claim that Third-Party Defendants had a duty to provide a ladder or other access to the top of the trailer. The second issue is whether Article 2 of the Illinois Uniform Commercial Code, 810 ILL. COMP. STAT. 5/2-101 *et seq.* ("Article 2"), applies to this case. Because Third-Party Defendants argue that application of Article 2 would relieve them of liability, this issue is addressed first.

Third-Party Defendants argue that Article 2 applies to this case and relieves them of liability because of the terms of the purchase order. (Dkt. 72, p. 4.) Specifically, Third-Party

Defendants argue that, because the trailers were delivered "F.O.B. Destination," title to the goods transferred to Citgo upon delivery. Citgo responds that while Article 2 would apply to the sale of the tubes, it does not apply to the rental of the trailers. (Dkt. 60, pps. 7-8.) As Citgo suggests, Third-Party Defendants attempt to convert two separate transactions, the sale of the tubes and the rental of the trailers, into one transaction, and then apply Article 2 to both. However, Citgo is correct that the provisions of Article 2 which Third-Party Defendants seek to invoke do not apply to rentals. Third-Party Defendants rely on § 5/2-401, which refers to "contracts for sale," buyers, and sellers. Article 2 does not contemplate rental or lease agreements. Further, courts have specifically declined to apply Article 2 to equipment leases in the majority of cases. S*ee Walter E. Heller & Co. v. Convalescent Home of the First Church of Deliverance*, 365 N.E.2d 1285, 1289 (Ill. App. Ct. 1977) ("While equipment leases have become a widely used substitute for purchase, there are significant differences between a lease and a sale including the transfer of title, risk of loss, taxes, financial considerations, and bankruptcy proceedings."). Therefore, Third-Party Defendants' Illinois Uniform Commercial Code argument is inapposite.

Third-Party Defendants also argue that Citgo fails to plead facts sufficient to state a claim for contribution under the IJTCA because it has not shown that they caused or contributed to Plaintiff's injuries. (Dkt. 72 at 6.) Citgo alleges that Third-Party Defendants:

> Failed to provide the proper equipment to ascend to the top of the flatbed trailer including stairs, ladders or other apparatus to safely perform the work performed by plaintiff and others to commence working when it knew or in the exercise of ordinary care should have known that there was no adequate and safe means of performing the work to safely remove the equipment from the trailer without proper instruction equipment, guidance training or provision of equipment.

Dkt. 60 at ¶ 16h; Dkt. 65 at ¶ 18h. However, Citgo has not alleged facts to plausibly claim Third-Party Defendants had a duty to exercise care and caution for the safety of individuals working at the site. The purchase order, (Dkt. 65-1), does not support the existence of a duty.

4

Nor is it alleged that any party ever asked Third-Party Defendants to provide a ladder in order to fulfill the presumed duty. Citgo merely relies on threadbare recitals of the elements of a cause of action, supported by conclusory statements. *See Alam*, 709 F.3d at 666. Citgo attempts to avoid the pleading requirements by arguing that *Iqbal* and *Twombly* only apply to conspiracy or constitutional discrimination. This is incorrect; the "decision in *Twombly* expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684.

Under the standard in *Twombly*, Citgo is required to plead some basis for a duty to exercise care and caution for the safety of individuals working at the site, beyond asserting its mere existence. Citgo does not point to any statute, precedent, or agreement providing for the alleged duty. Even when taking all well-pleaded allegations as true and all inferences in the light most favorable to Citgo, they have failed to state a claim that Third-Party Defendants had or breached any duty.

## CONCLUSION

For the reasons discussed above, Third-Party Defendants' Motion to Dismiss [72] is granted without prejudice. Citgo may file amended Third-Party Complaints consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure within thirty days of the entry of this Order.

Date:     March 11, 2015          /s/ JOHN W. DARRAH
                                      JOHN W. DARRAH
                                      United States District Court Judge